UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: EX PARTE APPLICATION OF
KEI ANIMAL CLINIC,

Applicant.

Case No. 20-mc-80158-AGT

**ORDER AUTHORIZING DISCOVERY FOR USE IN FOREIGN LITIGATION**

Re: Dkt. No. 1

Japan-based KEI Animal Clinic intends to file a defamation lawsuit in Japan against the person who reviewed the company on Google Maps earlier this year and claimed in that review that most animals undergoing surgery at KEI "died on the same day." ECF No. 1-1, Mu Decl., Ex. B. Before KEI can file this lawsuit, it needs to identify the person who wrote the review. The reviewer used the username Wa Shi. KEI doesn't have a customer by that name, nor has it otherwise been able to identify the reviewer. *See* ECF No. 1-2, Yamamoto Decl. ¶ 9; ECF No. 1-3, Yasuho Decl. ¶¶ 8–11. To further its investigation, KEI has applied to this Court for an order authorizing it to serve a document subpoena on Google LLC. The subpoena would ask Google to identify (if it can based on documents within its control) the names, physical and email addresses, and telephone numbers of the persons registered to use the Wa Shi username.

This Court has authority to authorize the proposed subpoena, because Google is located in the Northern District of California, and because KEI intends to use the information it obtains from Google to file a lawsuit in a foreign court. *See* 28 U.S.C. § 1782(a); *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019). This Court also finds that the four discretionary factors often considered in evaluating such applications weigh in favor of the subpoena. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004). First, there's no reason to believe that Japanese courts won't be receptive to U.S. judicial assistance in this case. Second, there's no

reason to believe that KEI's request is an attempt to circumvent Japanese proof-gathering restrictions.  Third, Google isn't expected to be a party in KEI's lawsuit, which means that without U.S. judicial assistance, KEI might not be able to obtain the discovery at issue.  Fourth, based on the current record, there's no reason to believe Google will be unduly burdened by the subpoena.

Because KEI's request is reasonable and satisfies the statutory requirements, the Court hereby authorizes KEI to serve Google with the proposed subpoena pursuant to the terms and conditions that follow.

* * *

1. KEI must serve the subpoena on Google within 14 days of this order.  When KEI serves the subpoena, it must also provide Google with a copy of this order.
2. The subpoena may seek only the names, physical and email addresses, and telephone numbers of the registered users of the Wa Shi username.
3. Within 14 days of being served, Google must notify the registered users of the Wa Shi username that KEI has requested their names and contact information.  Google must also provide these persons with copies of the subpoena and this order.
4. Within 21 days of receiving notice of the subpoena, Google or any registered user of the Wa Shi username may file a motion in this Court to quash or to modify the subpoena.
5. If no such motion is filed and more than 21 days have passed since Google and the registered users of the Wa Shi username received notice of the subpoena, Google must disclose the requested information to KEI.
6. KEI may use the information disclosed by Google only for purposes of the anticipated litigation in Japan related to the Wa Shi review of KEI on Google Maps.

**IT IS SO ORDERED.**

Dated: October 1, 2020

ALEX G. TSE
United States Magistrate Judge